1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JULIA C. VENOYA,

11          Petitioner,                    No. CIV S-08-1699 DAD P

12      vs.

13   STATE OF CALIFORNIA, et al.,          ORDER AND

14          Respondent.                    FINDINGS AND RECOMMENDATIONS

15   _____/

16          Shirley V. Remmert, on behalf of petitioner Julia C. Venoya, her mother, has filed

17   an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with two

18   applications to proceed in forma pauperis.

19                          **PRELIMINARY SCREENING**

20          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

21   dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to

22   it that the petitioner is not entitled to relief in the district court. . . ."  Rule 4, Rules Governing

23   Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may

24   dismiss a petition for writ of habeas corpus at several stages of a case, including "summary

25   dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the

26   /////

1  answer and petition are considered; or a dismissal after consideration of the pleadings and an

2  expanded record."

3  **BACKGROUND**

4  According to the application, on July 6, 2004, petitioner Julia C. Venoya appeared

5  at a hearing for a temporary conservatorship in San Mateo County Probate Court.  She was eighty

6  years old, suffered from cataracts, and could not hear well at the time.  The petition alleges that

7  the Public Guardian's Office routinely labeled petitioner as having dementia, but she contends

8  that there is no medical cause for a conservatorship of any kind.  (Pet. at 5a.)  Petitioner

9  challenges various Probate Court orders as a violation of her rights under the United States

10 Constitution, federal law, and state law.  (Id. at 5a-5l.)

11 Shortly after the commencement of this action, San Mateo County Deputy

12 Counsel Portor Goltz submitted to this court a letter requesting that the court dismiss this action

13 because Ms. Remmert is not authorized to act on behalf of petitioner, a conserved person.

14 Attorney Goltz explained that the San Mateo County Superior Court found petitioner Julia

15 Venoya incapable of handling her own affairs and imposed a dementia conservatorship pursuant

16 to California Probate Code § 2356.5.  The Probate Court appointed the San Mateo County Public

17 Guardian as the Conservator of the Person and Estate of Julia Venoya.  Attorney Goltz notes that

18 Ms. Remmert is not an attorney and has been deemed a vexatious litigant in both the San Mateo

19 County Superior Court and the United States District Court for the Northern District of

20 California.  (Letter from Portor Goltz, Deputy Counsel, San Mateo County Counsel, to the Hon.

21 Dale A. Drozd, United States District Court for the Eastern District of California (Aug. 18,

22 2008)).

23 **ANALYSIS**

24 Even assuming for the sake of argument that Ms. Remmert is permitted to act on

25 behalf of petitioner, the undersigned finds that federal habeas corpus jurisdiction does not extend

26 to the situation presented here.  Under 28 U.S.C. § 2254(a):

1

2

3          The Supreme Court, a Justice thereof, a circuit judge, or a district
           court shall entertain an application for a writ of habeas corpus in
           behalf of a person in custody pursuant to the judgment of a State
           court only on the ground that he is in custody in violation of the
           Constitution or the laws or treaties of the United States.

4    28 U.S.C. § 2254(a).

5          Although the Ninth Circuit has not directly addressed whether federal habeas

6    corpus jurisdiction extends to adult guardianship cases, the First Circuit has held in a persuasive

7    opinion that it does not. See Hemon v. Office of Pub. Guardian, 878 F.2d 13 (1st Cir. 1982). In

8    that case a son had filed an application for writ of habeas corpus seeking to nullify the Office of

9    Public Guardian's status as guardian of his mother. The First Circuit held that a dispute over

10   adult guardianship is not within the scope of federal habeas corpus jurisdiction because it

11   involves an area of state domestic relations law. In so concluding, the court explained that the

12   United States Supreme Court has held that the federal habeas corpus statute does not confer

13   jurisdiction to consider a collateral attack on a state court judgment that terminates parental rights

14   because "[t]he federal writ of habeas corpus, representing as it does a profound interference with

15   state judicial systems and the finality of state decisions, should be reserved for those instances in

16   which the federal interest in individual liberty is so strong that it outweighs federalism and

17   finality concerns." Hemon, 878 F.2d at 14 (quoting Lehman v. Lycoming County Children's

18   Services Agency, 458 U.S. 502, 515-16 (1982)).

19         The First Circuit acknowledged that Lehman involved child custody and not adult

20   guardianship. However, the court determined that the reasoning in Lehman extended with full

21   force to disputes involving adult guardianship. The court explained that:

22         [T]he same concerns about federalism and finality that counsel
           against federal habeas jurisdiction over child custody disputes also
23         counsel against federal habeas jurisdiction over disputes regarding
           guardianship. The long-standing policy of the federal courts to
24         avoid interference in state domestic relations disputes - for
           example, by abstaining from asserting federal subject matter
25         jurisdiction over domestic relations matters, - is not limited to the
           area of child custody, but extends to the entire field of domestic
26         relations. (citations omitted)

1  878 F.2d at 15.  The court concluded that the state courts had adjudicated the question of how to

2  best protect Hemon's mother, so there was no occasion for it to undertake federal review by way

3  of habeas corpus proceedings.  Id.

4          In this case, the undersigned agrees with the First Circuit's rationale and finds that

5  the dispute over petitioner's guardianship is not within the scope of this federal court's habeas

6  corpus jurisdiction.  The San Mateo County Superior Court has determined the most proper way

7  to protect petitioner's rights, and this court declines to allow re-litigation of the matter through

8  federal habeas proceedings.  Accordingly, the court will recommend that this action be

9  dismissed.

10                                      **CONCLUSION**

11          IT IS HEREBY ORDERED that:

12          1.  The Clerk of the Court is directed to randomly assign a United States District

13  Judge to this action; and

14          2.  The Clerk of the Court is directed to send a courtesy copy of these findings and

15  recommendations to Portor Goltz, San Mateo County Deputy Counsel, 400 County Center,

16  Redwood City, CA 94063-1662.

17          IT IS HEREBY RECOMMENDED that:

18          1.  Petitioner's July 23, 2008 and August 7, 2008 applications to proceed in forma

19  pauperis (Doc. Nos. 2 & 5) be denied;

20          2.  Petitioner's application for a writ of habeas corpus be dismissed; and

21          3.  This action be closed.

22          These findings and recommendations are submitted to the United States District

23  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

24  days after being served with these findings and recommendations, petitioner may file written

25  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

26  Findings and Recommendations."  Petitioner is advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951

F.2d 1153 (9th Cir. 1991).

DATED: March 4, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
veno1699.156